# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, <br> 1015 15th Street NW, Suite 600 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, <br> 400 Maryland Avenue SW <br> Washington, DC 20202 <br><br> *Defendant*. | Case No. 18-cv-1464 |

## COMPLAINT

1. Plaintiff National Student Legal Defense Network brings this action against the U.S. Department of Education under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, the National Student Legal Defense Network is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial

1

action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff National Student Legal Defense Network (NSLDN) is a nonpartisan, non-profit organization incorporated in the District of Columbia. NSLDN's mission is to work, through a variety of means, to advance students' rights to educational opportunity, and to ensure that higher education provides a launching point for economic mobility. To further its mission, NSLDN gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. Defendant the U.S. Department of Education (ED) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ED has possession, custody, and control of the records that NSLDN seeks.

## STATEMENT OF FACTS

*The Servicers Request*

7. On March 12, 2018, NSLDN submitted a FOIA request to ED seeking communications and correspondence between ED and Student Loan Servicers (Servicers) in light of ED's March 9, 2018 Notice of Interpretation (the Notice) regarding federal preemption of state regulation of Servicers.

8. The Servicers Request sought the following records:

> 1) All communications or correspondence between the ED and representatives, including in-house or external legal counsel, of one or more Servicers since January 19, 2016 that mention

       "preemption," "preempt," and/or discuss state laws and issues that may be preempted by federal law.

2) All communications or correspondence between the ED and representatives of the Servicers that discusses the Notice.

3) All communications or correspondence between the ED and representatives of the National Council of Higher Education Resources (including but not limited to James Bergeron) since January 19, 2016 that either discuss the Notice, mention "preemption," and/or discuss state laws and issues that may be preempted by federal law.

4) All documents and communications sent by the Servicers to ED since January 19, 2016 that discuss preemption and/or legal claims made against the Servicers under state laws.

9. ED assigned the request tracking number 18-01267-F.

10. On March 15, 2018, ED granted NSLDN's request for a fee waiver.

11. On April 16, 2018, ED responded to NSLDN's April 23, 2018 inquiry for an update of the status of the Servicers Request and indicated that ED could not provide a completion time for the processing of the request.

12. On May 29, 2018, ED responded to NSLDN's May 23, 2018 inquiry for an update of the status of the Servicers Request and indicated that ED could not provide a completion time for the processing of the request.

13. NSLDN has not received any further communication from ED regarding the Servicers Request.

*The SLSA Request*

14. On March 27, 2018, NSLDN submitted a FOIA request to ED seeking communications and correspondence between ED and the Student Loan Servicing Alliance (SLSA) in light of ED's March 9, 2018 Notice regarding federal preemption of state regulation of Servicers.

3

15. The SLSA Request sought the following records:

   1) All communications or correspondence between the ED and representatives, including in-house or external legal counsel, of SLSA since January 19, 2016 that mention "preemption," "preempt," and/or discuss state laws and issues that may be preempted by federal law.

   2) All communications or correspondence between the ED and representatives of SLSA (including but not limited to Winfield "Winkie" Crigler) since January 19, 2016 that either discuss the Notice, mention "preemption," and/or discuss state laws and issues that may be preempted by federal law.

   3) All documents and communications sent by SLSA to ED since January 19, 2016 that discuss preemption and/or legal claims made against servicers under state laws.

16. ED assigned the request tracking number 18-01416-F.

17. On April 16, 2018, ED granted NSLDN's request for a fee waiver.

18. On April 27, 2018, ED notified NSLDN that it would not complete processing the SLSA request within the 20-day period required by FOIA.

19. On May 22, 2018, ED responded to NSLDN's inquiry for an update of the status of the SLSA Request indicating that ED could not provide a completion time for the processing of the request.

20. NSLDN has not received any further communication from ED regarding the SLSA Request.

*Exhaustion of Administrative Remedies*

21. As of the date of this complaint, ED has failed to (a) notify NSLDN of any determination regarding its FOIA requests, including the scope of any responsive records ED intends to produce or withhold and the reasons for any withholdings; or (b) produce the

requested records or demonstrate that the requested records are lawfully exempt from production.

22. Through ED's failure to respond to NSLDN's FOIA requests within the time period required by law, NSLDN has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

23. NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. NSLDN properly requested records within the possession, custody, and control of ED.

25. ED is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

26. ED has failed to promptly review agency records for the purpose of locating those records which are responsive to NSLDN's FOIA requests.

27. ED's failure to conduct an adequate search for responsive records violates FOIA.

28. Plaintiff NSLDN is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to NSLDN's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29. NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

5

30. NSLDN properly requested records within the possession, custody, and control of ED.

31. ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

32. ED is wrongfully withholding non-exempt agency records requested by NSLDN by failing to produce non-exempt records responsive to its FOIA requests.

33. ED is wrongfully withholding non-exempt agency records requested by NSLDN by failing to segregate exempt information in otherwise non-exempt records responsive to NSLDN's FOIA requests.

34. ED's failure to provide all non-exempt responsive records violates FOIA.

35. Plaintiff NSLDN is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, NSLDN respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to NSLDN's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to NSLDN's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

...

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to NSLDN's FOIA requests;

(4) Award NSLDN the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant NSLDN such other relief as the Court deems just and proper.

Dated: June 21, 2018					Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723
*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851
*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
 (202) 869-5244
daniel.mcgrath@americanoversight.org
beth.france@americanoversight.org
john.bies@americanoversight.org

 */s/ Robyn K. Bitner*
Robyn K. Bitner*
N.Y. Bar No. 5294970
*Pro hac vice* motion to be submitted

NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, DC 20005
(202) 734-7495
robyn@nsldn.org

*Member of the N.Y. bar only; practicing in the District of Columbia under the supervision of members of the D.C. Bar while D.C. Bar application is pending.

*Counsel for Plaintiff NSLDN*